IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY SESSION, 1999

FILED

May 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DARRELL BUTCH LAWS, | ) | C.C.A. NO. 03C01-9807-CR-00225 |
| | ) | |
| Appellant, | ) | |
| | ) | JOHNSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. LYNN W. BROWN, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:

**DARRELL BUTCH LAWS,** *pro se*
T.D.O.C. #90595
P.O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**JOE C. CRUMLEY, JR.**
District Attorney General
114 Alf Taylor Road
Johnson City, TN  37601

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Darrell Butch Laws, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus. After a careful review of the record, we affirm the judgment of the trial court.

Petitioner filed a pro se petition for writ of habeas corpus challenging his incarceration on convictions of first degree murder with a life sentence, of aggravated kidnaping with a 25 year sentence, and of robbery with a 10 year sentence. Petitioner specifically claimed that the Tennessee Department of Correction unilaterally allowed the robbery conviction to run consecutively to the murder conviction in violation of the trial court's order and Petitioner's plea agreement. Petitioner also claimed that the alleged action by the Department of Correction is a violation of double jeopardy. In dismissing Petitioner's petition, the trial court stated the following:

> The petitioner asserts that the Department of Correction has restructured his life sentence by running Case No. 11005-5 consecutive to his life sentence. However, the question of whether the Department of Correction is properly calculating his sentence cannot be raised by habeas corpus. To challenge such reductions the petitioner must proceed under the Uniform Administrative Procedures Act, T.C.A. § 4-5-101 et seq. in the Chancery Court for Davidson County, Tennessee. In any event, his life sentence has obviously not expired.
>
> Relief by habeas corpus is available in this state only when it appears on the face of the judgment or record that the trial court was without jurisdiction to convict or sentence the petitioner, or that the sentence of imprisonment has otherwise expired. The relief requested by the petitioner in this cause is not available by habeas corpus.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

In this appeal, Petitioner specifically argues that the Tennessee Department of Correction has "taken [his] [c]ourt [o]rdered [s]entence by the Criminal Court of Claiborne County, and severed a [c]harge of [s]imple [r]obbery, [t]o run [c]onsecutive with [his] life [s]entence," and that the Department of Correction has "intentionally conspired and re-structured [his] sentence." The claims presented by Petitioner are not cognizable under the habeas corpus statute. See Tenn. Code Ann. § 29-21-101 - 130. Even though Petitioner alleges that his sentence has expired, a challenge regarding calculation of his sentence, as discussed above, cannot be raised by habeas corpus. We note that the trial court was correct in stating that any challenge to the way the Department of Correction calculates Petitioner's sentence must proceed under the Uniform Administrative Act in Chancery Court. See Tenn. Code Ann. § 4-5-101 et seq. Petitioner does not allege in his petition that the convicting court was without jurisdiction or authority to sentence him. This Court has held that

if it is clear from the face of the petition that the petitioner is not entitled to relief, then the trial court is not required to hold a hearing or inquire into the allegations in the petition, but may dismiss the petition summarily. Passarella, 891 S.W.2d at 627. We agree with the trial court's dismissal of Petitioner's petition.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
L. T. LAFFERTY, Senior Judge